# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; AND RANDY WELCH, individually and on behalf of others similarly situated,

        *Plaintiffs*,

v.

BELVOIR MEDIA GROUP, LLC,

        *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE A SUR-REPLY**

## STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiffs should be allowed to submit a 145-page sur-reply, which is comprised of a newly-raised argument, previously-briefed arguments, and a heavily-redacted exhibit of a motion before another judge that has not been decided?

    Defendant's Answer: NO.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

The controlling authority for this Motion includes:

1. *Bozung v. Christianbook, LLC*, No. 1:22-cv-304, slip op. (W.D. Mich. Mar. 7, 2023).

2. *Life for Relief & Dev. V. Charter One Bank, N.A.*, No. 12-cv-13550, 2013 WL 3810255 (E.D. Mich. 2013).

3. *Key v. Shelby Cty.*, 551 F. App'x 262, 264 (6th Cir. 2014).

4. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011).

Belvoir[1] submits this response in opposition to Plaintiffs' Motion for Leave to File a Sur-Reply (the "Sur-Reply Motion"). In the midst of briefing on Belvoir's motion to dismiss Plaintiffs' FAC, Judge Jarbou issued a decision and order dismissing a virtually identical case in *Bozung v. Christianbook*, 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023). Accordingly, Belvoir asked this Court for two additional pages to discuss the *Bozung* decision in its reply papers (ECF No. 22), which the Court granted in a text-only order on March 10, 2023. Belvoir does not oppose a submission of a short sur-reply on the newly-decided case, but does oppose Plaintiffs' 145-page submission—which raises a new argument about discovery, reprises old arguments and attaches an as-yet unruled upon motion before Judge Jarbou—as over-reaching and improper. Accordingly, Belvoir respectfully requests that the Court deny the Sur-Reply Motion.

## ARGUMENT

As an initial matter, Belvoir moved to dismiss the FAC with prejudice first and foremost because the named Plaintiffs lack Article III standing and because, in any event, their case is untimely. These are threshold issues, either of which, if ruled on in favor of Belvoir, would dispose of the case in its entirety with prejudice. *Bozung* becomes important, along with *Nashel v. New York Times*, No. 2:22-cv-

---

[1] Abbreviations herein have the same meanings ascribed to them in Belvoir's Opening Papers. (ECF No. 18.)

10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), only if the Court reaches the Rule 12(b)(6) arguments, as both those courts dismissed the complaints before them for failure to state a claim. *Bozung* adds further authority to Belvoir's argument that the FAC cannot withstand scrutiny under Rule 12(b)(6).

**A.  Plaintiffs Are Not Entitled to Discovery.**

A sur-reply is improper, where, as here, it goes beyond addressing new matter raised on reply. *See, e.g., Key v. Shelby Cty.*, 551 F. App'x 262, 264 (6th Cir. 2014) (sur-replies only appropriate to respond to new submissions or arguments made on reply); *McClure v. Leafe*, No. 17-13106, 2018 WL 11457452, at *1 (E.D. Mich. April 12, 2018) (same).

With their Sur-Reply Motion, Plaintiffs attempt to do far more than simply respond to the arguments Belvoir made in its reply regarding *Bozung*—they try to convince the Court that it should grant them discovery to frame their complaint. (*See* ECF No. 24-1, PageID.1476-1478.) But the *Bozung* decision itself says nothing about discovery. Indeed, cases are legion which forbid discovery for the purpose of framing a complaint. *See, e.g., Life for Relief & Dev. v. Charter One Bank, N.A.*, No. 12-cv-13550, 2013 WL 3810255, at *3 (E.D. Mich. 2013) (plaintiff cannot use discovery to craft complaint); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("Under the new *Twombly* standard set forth by the Supreme Court . . . The plaintiff may not use the discovery process to obtain

2

these facts after filing suit. The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts."). Tellingly, Plaintiffs fail to cite a single case that would allow them such discovery.

Plaintiffs also use Judge Jarbou's refusal to credit Plaintiffs' information and belief allegations to argue that discovery is warranted. (ECF No. 24-1, PageID.1474-75.) But Judge Jarbou did not arbitrarily or dogmatically refuse to credit those allegations. Rather, she recognized that almost the *entirety* of the *Bozung* complaint was pled on information and belief (which is also true here) and further, that the key allegations were not only implausible under *Twombly* and *Iqbal*, but made little if any sense.[2] *Bozung*, slip op. at 9 ("Of course, it makes no sense that a datacard from 2016 was the 'same" as the one from 2022. . . . His allegations on the matter amount to 'naked assertion[s]' devoid of further factual enhancement' that do not suffice to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).").

Lacking any basis or authority to obtain discovery, Plaintiffs instead attach the entirety of the *Bozung* plaintiff's motion for relief from judgment and leave to amend that is pending before Judge Jarbou (the "*Bozung* Motion Papers"),

---

[2] Judge Jarbou's reasoning is thus not at odds with that of Judge Cox in *Apodaca v. Newrez LLC*, 2023 WL 2465773 (E.D. Mich. Mar. 10, 2023), as Plaintiffs suggest, where the *Apodaca* complaint did plead plausible facts apart from its information and belief allegations. Nor does *Apodaca* stand for the proposition that a plaintiff may use discovery to frame a complaint.

3

audaciously stating, without any basis, that because discovery in that case demonstrates that their claims are plausible—despite no such ruling—the same would be true here. (ECF No. 24-1, PageID.1478.) Any purported "revelations during discovery" in *Bozung* have nothing whatsoever to do with Belvoir.

Moreover, most of the *Bozung* Motion Papers are redacted, making any such claim entirely baseless in the record before this Court. (*Id.*, Exhibit 3.) Because Belvoir is not a party to the *Bozung* action, it has no way to refute Plaintiffs' bald assertions of "revelations during discovery." Plaintiffs' counsel is attempting to use the fact that they also represent Bozung to gain an unfair advantage in this litigation. They should not be allowed to do so.

**B.    Plaintiffs Improperly Repeat Their Arguments.**

Plaintiffs repeat the strawman argument they made in their opposition papers that they "cannot possibly be expected to allege the exact dates of each disclosure." (ECF No. 24-1, PageID.1475, quoting ECF No. 19, PageID1258.) Of course, no Judge has asked for such a precise pleading.

Instead, Judge Murphy and Judge Jarbou rightfully insisted that plaintiffs plausibly allege disclosure at some point during the relevant time period in 2016. In *Bozung*, the allegations were lacking for the same reasons the Court should find them wanting here: (1) a 2022 data card says nothing about 2016; (2) an elusive 2016 data card which can be found nowhere on the internet does not lend credulity to their

4

allegations of disclosure; and (3) broad, conclusory, information and belief allegations about disclosure and an "uptick in junk mail" untethered to any purported disclosure by a defendant cannot transform deficient allegations into plausible ones.[3] *Cf. Bozung*, slip op. at 7-10; *Nashel*, 2022 WL 6775657 at *4-6 *with Lee v. Belvoir Media Group, LLC*, No. 4:22-cv-12153, ECF No. 16, ¶¶ 1-2; Ex. A. (E.D. Mich. Dec. 12, 2022). Nor do the allegations here "go far beyond" those in *Bozung*. (ECF No. 24-1, PageID.1479.) To the contrary, the allegations are virtually identical. *Cf. Bozung*, ECF No. 11, ¶¶ 1-12; Ex. A. *with Lee*, ECF No. 16, ¶¶ 1-19; Ex. A.

Plaintiffs argue that a screenshot of a 2022 data card and allegations that the same data card existed "throughout the relevant pre-July 31, 2016 time period" render their claims here more plausible than in *Bozung*. (ECF No. 24-1, PageID.1479.) But nearly identical allegations, and a screenshot of a 2022 data card, were present in the *Bozung* FAC. (*Bozung*, ECF No. 11, ¶¶ 1-4; Ex. A.) And, while the Belvoir FAC does include allegations concerning a specific data cooperative, Wiland, Inc., those allegations are conclusory and made on information and belief

---

[3] As Belvoir argued, but Plaintiffs have ignored, in similar scenarios, such as the data breach scenario, for circumstantial allegations of disclosure to be plausible, at a minimum, any alleged subsequent event must be close in time to the alleged disclosure. (*See* ECF No. 23, PageID.1440.) *See, e.g.*, *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) (in data breach context, alleging specific injuries close in time to breach); *Galaria v. Nationwide Mutual Ins. Co.*, 663 Fed. App'x 384, 390 (6th Cir. 2016) (same); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016) (same).

(*see* Moving Brief, ECF No. 18, PageID.1171-73; Reply, ECF No. 23, PageID.1436-37), and similar allegations were made in both *Bozung* and *Nashel* and were found to be insufficient. *Bozung*, ECF No. 11, ¶ 1 (naming data aggregators, data appenders, data cooperatives, and list brokers in receipt of plaintiff's disclosed PRI); *Nashel*, ECF No. 16, ¶ 2 (same).

Plaintiffs' *ipse dixit* assertions, though repeated, remain meritless.

**C.** **Plaintiffs Are Not Entitled to a 145-Page Sur-Reply.**

The *Bozung* Motion Papers go into great detail arguing why the *Bozung* decision was wrong, in effect, making the sur-reply not the 12 pages it appears to be, but 145 pages, which is unwarranted in view of the approximately two pages Belvoir took to raise the new decision.[4]

## CONCLUSION

For the foregoing reasons, Belvoir respectfully requests the Court deny Plaintiffs' Sur-Reply Motion and dismiss the FAC.

---

[4] If the Court is inclined to grant Plaintiffs' request to file their sur-reply, it should strike Exhibit 3 of the proposed sur-reply, which is the filing before Judge Jarbou, as well as any argument related to Exhibit 3 and any arguments related to discovery or arguments which simply repeat Plaintiffs' prior arguments. *See, e.g., Brown v. Genworth Life & Annuity Ins. Co.,* No. 3:18-CV-506, 2020 WL 4340539, at *1 (E.D. Tenn. July 28, 2020) ("[C]ourts have discretion to strike documents or portions of documents as part of their inherent power to control their dockets."); *Cincinnati Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019) ("[T]rial courts make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents.") (internal citations omitted).

Date: March 29, 2023                    Respectfully submitted,

                    /s/ *Kristen C. Rodriguez*
                    Kristen C. Rodriguez
                    Deborah H. Renner
                    DENTONS US LLP
                    1221 Avenue of the Americas
                    New York, New York 10020
                    (212) 768-6700
                    kristen.rodriguez@dentons.com
                    deborah.renner@dentons.com

                    Peter B. Kupelian (P31812)
                    Carol G. Schley (P51301)
                    CLARK HILL PLC
                    151 South Old Woodward Ave., Suite 200
                    Birmingham, MI 48009
                    (248) 530-6336
                    pkupelian@clarkhill.com
                    cschley@clarkhill.com

                    *Counsel for Defendant*
                    *Belvoir Media Group, LLC*

## **Certificate of Service**

I hereby certify that on March 29, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez