# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE;
PATRICIA VANDUSEN;
RONALD ALLIX; AND RANDY
WELCH, individually and on behalf of
others similarly situated,

        *Plaintiffs*,

        v.

BELVOIR MEDIA GROUP, LLC,

        *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

## STATEMENT OF ISSUES PRESENTED

1.   Whether this Court should rely on its ruling in *Batts v. Gannett Co.*, No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023), which Plaintiffs seek to submit to the Court, as persuasive authority relevant to the arguments presented in Belvoir's Motion to Dismiss (ECF No. 18)?

Defendant's Answer: NO.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for this Motion includes:

1.  *Batts v. Gannett Co.*, No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023).

2.  *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

3.  *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023).

Belvoir[1] submits this response in opposition to Plaintiffs' Notice of Supplemental Authority, filed on March 31, 2023 (ECF No. 27) (the "Notice"), enclosing and making arguments on *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023), issued by Your Honor. The Notice mischaracterizes the holdings in *Batts* and ignores differences between the arguments there and in the instant action.

## ARGUMENT

I.    **Fundamental Pleading Deficiencies Mandate Dismissal of the Complaint, Which This Court Did Not Address in *Batts*.**

The *Batts* decision is not controlling on, let alone relevant to, Belvoir's argument that Plaintiffs failed to adequately plead disclosure under Rule 12(b)(6). (ECF. No. 18, PageID.1185-91; ECF. No. 23, PageID.1436-40.) Contrary to Plaintiffs' implication, that issue was never before this Court in the *Batts* action. Thus, this Court could not have, as Plaintiffs argue, "considered Defendant's arguments" regarding the import of *Nashel v. The New York Times Company.* (ECF No. 27, PageID.1634.) While the defendant, Gannett, did submit *Nashel* as supplemental authority in the *Batts* action, as this Court noted in passing (*Batts*, slip op. at 2 n.2), there is no indication that it "rejected" the *Nashel* decision. And with

---

[1] Abbreviations herein have the same meanings ascribed to them in Belvoir's pending motion to dismiss the FAC. (ECF No. 18.)

the benefit of full briefing by the parties here, this Court should undertake a rigorous analysis of the sufficiency of the pleading, particularly in light of the *Nashel* decision and *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023) (Jarbou, J.)—both of which held that plaintiffs failed to adequately allege disclosure of their PRI in cases with substantially similar allegations as this one.

## II.   Belvoir's Article III Standing Argument Differs from Gannett's.

Plaintiffs' Notice implies that because this Court held that plaintiffs had Article III standing in *Batts*, the Court should make the same ruling here. But the defendant in *Batts* raised a different Article III argument than Belvoir raises here. In *Batts*, the defendant argued that plaintiffs lacked Article III standing because they failed to plead an injury-in-fact under *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021). *See Batts*, slip op. at 7-8.  Belvoir has made no such argument. Gannett also challenged plaintiffs' *statutory* standing by submitting a declaration to show that plaintiffs were not subscribers, and that even if they had been, their PRI would not have been disclosed. In that procedural posture, this Court found that it would not consider a declaration and elected not to convert the motion into one for summary judgment (though it was empowered to do so). *Batts*, slip op. at 12-13.

Here, unlike the defendant's Article III challenge in *Batts* under *TransUnion* or its attack on statutory standing under Rule 12(b)(6), Belvoir challenged Plaintiffs' Article III standing by arguing that because Plaintiffs were not Belvoir customers,

they could not have been injured *by Belvoir*. (Both Belvoir and one of the Plaintiffs submitted declarations on this issue.) It is a fundamental tenet of Article III standing that a plaintiff's injury must be traceable to the defendant's conduct. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While courts have found that a bare statutory violation may suffice to show Article III injury under the PPPA (although Belvoir has not raised this issue here, it does not concede it is correct), as a factual matter, that answers only one part of the Article III standing inquiry; the remaining inquiry—whether such injury is traceable back to the defendant—remains. *Id.* Belvoir's declarations demonstrate that Plaintiffs cannot tie their claim of injury to Belvoir and that they thus lack Article III standing. The requirements of Article III are not relaxed just because the only claim brought is a statutory one. Nor does the fact that Article III and statutory standing coincide mean that Belvoir's declarations are improper. This Court's rulings on Gannett's Article III and statutory standing challenges in *Batts* are not dispositive here.

III.     **The Court Must Consider the Full Briefing on Tolling Here.**

The defendant in *Batts* did not brief the applicability of COVID-19 tolling, likely because it was not dispositive in that case—but it is here. In *Batts*, the plaintiffs did not need COVID-19 tolling for their case to survive a timeliness challenge because they filed their case prior to July 30, 2022, which would be timely under the six-year limitation period urged by plaintiffs and adopted by the courts thus far. But

3

here, the case was filed on September 12, 2022 (*See* ECF No. 1), too late even with the benefit of a six-year limitations period. Given the lack of relevance of this issue in *Batts*, it is not surprising that this Court only addressed COVID-19 tolling in a footnote in the *Batts* decision. Slip op. at 11 n.4. Rather than rely on a passing reference in the *Batts* decision to decide the potentially case-dispositive COVID-19 tolling issue here, as Plaintiffs suggest, Belvoir respectfully requests that this Court fully consider the COVID tolling timeliness issue with the benefit of the parties' briefing. (Belvoir's Reply Papers, ECF No. 23, PageID.1434.)

Moreover, even if the Court finds that tolling permitted the Complaint to be timely filed after July 30, 2022, that does not mean that the class period should be expanded backwards to include the tolled days, as Plaintiffs urge. The class period issue has not been fully briefed here, nor was it in *Batts*, as it is not relevant to the motions to dismiss in either case. If tolling is permitted here, Belvoir respectfully requests that it be provided an opportunity to demonstrate why tolling should not apply to absent class members and why the class period should not be expanded.

## CONCLUSION

Belvoir respectfully requests that the Court grant Belvoir's motion to dismiss the FAC.

Date: April 12, 2023                    Respectfully submitted,


                                        /s/ *Kristen C. Rodriguez*

Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*Belvoir Media Group, LLC*

5