# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; and RANDY WELCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>Defendant. | Case No. 4:22-cv-12153-SDK-DRG<br><br>Hon. Shalina D. Kumar<br><br>Mag. David R. Grand |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, individually and on behalf of all others similarly situated, submit this notice of supplemental authority to apprise the Court of a recent decision relevant to the issues raised in Plaintiffs' response in opposition (ECF No. 19) to Defendant's motion to dismiss (ECF No. 18):

1.  On May 1, 2023, Judge F. Kay Behm issued a decision denying a motion to dismiss filed by the defendant in *Gaines v. National Wildlife Federation*, Case No. 22-11173, ECF No. 35 (E.D. Mich. May 1, 2023), a PPPA action similar to the instant matter. A copy of the *Gaines* decision is attached hereto as Exhibit A.

2.  The *Gaines* court found that the plaintiff alleged facts that adequately stated a claim for violation of the PPPA. *Gaines*, at 11. Recognizing that "[a]t the motion-to-dismiss stage, the court does not consider whether the factual allegations are probably true; instead a court must accept the factual allegations are true, even when skeptical," the court found that "the Amended Complaint sufficiently alleges that Defendant disclosed PRI in violation of the PPPA" and accordingly denied the defendant's motion to dismiss pursuant to Rule 12(b)(6). *Id.* at 13.

3.  Notably, in reaching its decision, the court in *Gaines* considered and rejected the defendant's arguments regarding the decisions in *Nashel v. The New York Times Co.*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), *Bozung v. Christianbook, LLC*, 2023 WL 2385004 (W.D. Mich. Mar. 6, 2023) and *Wheaton v. Apple, Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019), and instead adopted the

reasoning of the decision in *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018), consistent with the decisions in *Briscoe v. NTVB Media Inc.*, 2023 WL 2950623 (E.D. Mich. Mar. 3, 2023) (report and recommendation by Altman, J.) and *Piper v. Talbots, Inc.*, 507 F. Supp. 3d 339 (D. Mass. 2020). *See Gaines*, at 10-15; *e.g., id.* at 14 ("[T]o the extent that *Nashel* suggests that to cross the threshold of plausibility, the data card (as opposed to the complaint) must indicate the origin of the allegedly violative information or itself prove that the defendant disclosed the PRI that was listed for sale, the court believes that such a requirement imposes an unnecessary burden of proof on the plaintiff at the pleading stage."); *id.* at 12 (finding "persuasive" *Horton*'s "conclu[sion] that the plaintiff plausibly alleged that the defendant-publisher provided subscription information in violation of the PPPA to a third party, NextMark, based on a printout from the NextMark website in which NextMark claimed to sell the publication's mailing list").

4. The Amended Complaint here makes the same allegations as to the specifics of the data card from the relevant 2016 time period as those found to be sufficient in *Gaines*. *Compare* Amended Complaint, ECF No. 16, at ¶¶ 2-3, *with Gaines*, at 11-12 (citing operative complaint in *Gaines* at ¶¶ 2-3). Further, the Amended Complaint here includes additional allegations not alleged in *Gaines*. *Compare* ECF No. 16, at ¶¶ 3-6, *with Gaines*, 5:22-cv-11173 ECF No. 15, PageID.664.

5.  The court in *Gaines* also held that the six-year limitation period found in M.C.L § 600.5813 applied to plaintiff's PPPA claim. *See id.*, at 21 (the court "finds the reasoning of these decisions[1] persuasive and concludes that the six-year limitations period applies to the PPPA claim") & at 18 ("[A]ccording to the Amended Complaint, the relevant period is from February 20, 2016 through July 30, 2016. Even using Defendant's more limited time frame of May 30, 2016 to July 30, 2016, the Amended Complaint does not suggest, on its face, that its allegations of wrongful disclosure of PRI fall outside the six-year limitations period. Accordingly, dismissal on this basis is unwarranted.")

Dated: May 2, 2023

Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com

---

[1] The court is referring to the decisions in *Krassick v. Archaeological Inst. of Am.*, 2022 WL 2071730, at *3 (W.D. Mich. June 9, 2022), *Nashel*, 2022 WL 6775657, at *4, and *Pratt v. KSE Sportsman Media, Inc.*, 586 F.Supp. 3d 666, 673 (E.D. Mich. 2022), all of which found that the six-year statute of limitations period pursuant to § 600.5813 applied in PPPA claims.

pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

>/s/ E. Powell Miller
E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com