# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE;
PATRICIA VANDUSEN;
RONALD ALLIX; AND RANDY
WELCH, individually and on behalf of
others similarly situated,

        *Plaintiffs*,

    v.

BELVOIR MEDIA GROUP, LLC,

        *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## DEFENDANT'S RESPONSE TO PLAINTIFFS'
## NOTICE OF SUPPLEMENTAL AUTHORITY

## STATEMENT OF ISSUES PRESENTED

1.  Whether this Court should rely on the ruling in *Gaines v. National Wildlife Federation*, No. 22-cv-11173, ECF No. 35 (E.D. Mich. May 1, 2023), as persuasive authority in deciding Belvoir's Motion to Dismiss (ECF No. 18)?

    Defendant's Answer: No.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for this Motion includes:

1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. *Gaines v. National Wildlife Federation*, No. 22-cv-11173, ECF No. 35 (E.D. Mich. May 1, 2023).

4. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

5. *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023).

Belvoir[1] submits this response to Plaintiffs' Notice of Supplemental Authority, filed on May 2, 2023 (ECF No. 29) (the "Notice"), regarding *Gaines v. National Wildlife Federation*, No. 22-cv-11173, ECF No. 35 (E.D. Mich. May 1, 2023). The *Gaines* court misapprehended the applicable pleading standard and erroneously credited vague, conclusory, information and belief allegations. Accordingly, the *Gaines* case should not be followed by this Court.

## ARGUMENT

The *Gaines* case was wrongly decided for the following three reasons:

***First***, and fundamentally, the court in *Gaines* failed to properly apply the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As these cases make clear, allegations must plead a plausible claim to pass muster. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rather than apply this well-settled standard to the allegations in the *Gaines* case, the court, relying on the dissent in *Iqbal*, indicated that it would credit all of the plaintiff's allegations unless they were fantastical: "the 'sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know

---

[1] Abbreviations herein have the same meanings ascribed to them in Belvoir's pending motion to dismiss the FAC. (ECF No. 18.)

it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.'" *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting). ECF No. 35 at PageID.1520. But the crux of the appropriate inquiry is whether the allegations pled lead to a plausible claim, not whether the allegations are fantastical. The *Gaines* court committed clear error in applying the wrong standard.

**Second**, that error carried over into the court's analysis as it accepted vague, conclusory, information and belief allegations as true, and made unwarranted inferences to allow the FAC to proceed. Two federal district court judges in Michigan rejected virtually the same pleading as in *Gaines*. *See Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022); *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023) (ECF No. 23-2). The court in *Gaines* declined to follow these well-reasoned analyses.

Rather than scrutinize the data card attached in the operative complaint as the courts did in *Nashel* and *Bozung*, the *Gaines* court relied on plaintiff's vague, conclusory and information and belief allegation that "during [the] relevant pre-July 31, 2016 time period," the "same or substantially similar" data card existed. The *Gaines* court found that the combination of that allegation, along with an allegation made on information and belief as to the contents of a third-party data card that purportedly existed in 2016, was sufficient to plead an illegal disclosure,

and to distinguish the *Gaines* FAC from *Bozung*. *Gaines*, ECF No. 35 at PageID.1522-23.

However, this distinction is not meaningful for a number of reasons, including because the *Bozung* FAC also included allegations about the contents of the 2016 data card, which the *Gaines* court overlooked.  In any event, the allegations in the *Gaines* FAC as to the 2016 data card were conclusory allegations made on information and belief, which "'are precisely the kinds of . . . allegations that *Iqbal* and *Twombly* condemned.'" ECF No. 23-2 at PageID.1457 (internal citation omitted); *see* ECF No. 23 at PageID.1437. Under *Twombly* and *Iqbal*, more is required for a case to proceed to discovery. And when it comes to class actions, such as those brought under the pre-amendment version of the PPPA that threaten tens of millions of dollars in liability, the Supreme Court's mandate takes on even greater importance. *Twombly*, 550 U.S. at 559-60 (reiterating that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed") (internal citation omitted).[2]

Moreover, even if there were a meaningful distinction between the allegations in *Gaines* versus *Bozung*, Plaintiffs' allegations here about the existence

---

[2] The *Gaines* court relied on *Horton v. GameStop, Inc.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018), analogizing that case to the one before it. ECF No. 35 at PageID.1523. But that case relied on a website printout dated less than two months prior to the time the complaint was filed, and in any event, was wrongly decided. *See* ECF No. 23 at PageID.1436.

of a 2016 data card and its contents are closer to the skeletal allegations that the *Bozung* court found insufficient.[3] Like in *Bozung*, Plaintiffs here vaguely allege that a "similar" data card existed prior to July 31, 2016, with the "same rates" as the 2022 data card, but just "with a slightly different title." FAC ¶ 3. And, as in *Bozung*, the Belvoir data card cannot be found on the internet, which requires further speculation from this Court. ECF 23-2 at PageID.1456 ("Bozung provides a link to the alleged data card, but the link is broken. He alleges, without any apparent basis for doing so, that thus link 'was accessible during the pre July 31, 2016 time period[.]"); *see* ECF No 23 at PageID.1438.

The *Gaines* court also erred by finding that the data card was sufficient to allege that the defendant was the source of information that appeared on the data card. *Nashel*, 2922 WL 6775657, at *5. Significantly, in *Nashel*, the court held that similar data card allegations failed to adequately allege an improper disclosure from the defendant. This is critical in the PPPA context because the actionable conduct is disclosure by a publisher without consent or notice, and a data card is merely an advertisement for the rental of data posted by a third-party. Nonetheless, the *Gaines* court again held that a conclusory, information and belief allegation would suffice

---

[3] Indeed, Plaintiffs' allegations about the 2016 data card here require even further speculation from the Court to infer an illegal disclosure, as it relies on allegations, made on information and belief, that Belvoir had a contractual relationship with a third party referenced on the face of the data card and that its contractual obligations required an illegal disclosure. (FAC ¶ 4.)

in this regard. ECF No. 35 at PageID.1525. While plaintiffs need not "prove" a disclosure at the pleading stage, they must come forward with some allegations beyond "naked assertions[s] devoid of further factual enhancement.'" *Twombly*, 550 U.S. at 557. By making inferences based on a third-party advertisement that is dated six years after the relevant time frame, Plaintiffs here (and in *Gaines*) have failed state a claim.[4]

In addition, while the *Gaines* court credited conclusory, information and belief allegations in order to allow the case to continue, it expressly declined to credit the information presented on the face of the 2022 data card that indicated certain identifying information was omitted, which meant that there could not have been a violation of the PPPA. *See* ECF No. 35 at PageID.1526-27. The court held that it would not attempt to interpret the meaning of the data card because doing so would hold plaintiff to too high an evidentiary standard. *Id.* This is in stark contrast to the *Bozung* decision, in which the court painstakingly considered each and every

---

[4] The *Gaines* court also improperly distinguished *Wheaton v. Apple, Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019), citing to *Wheaton*'s analysis of a type of exhibit that was not at issue in *Gaines,* or here. ECF No. 35 at PageID.1525-26 (*Wheaton*, Ex. D.). In reality, the *Wheaton* court analyzed a data card that was similar to the one present here and, contrary to the *Gaines* decision, that card did indeed reference iTunes. 2019 WL 5536214 at *4 (discussing *Wheaton,* Ex. C.) Nonetheless, *Wheaton* found that the third-party broker data card "does not provide sufficient facts to support" plaintiffs' disclosure claims. *Id.*

element of the data card that Plaintiffs cited in dismissing that amended complaint. ECF 23-2 at PageID.1455-56; s*ee* ECF. No. 23 at PageID.1438-39.

***Finally*,** the *Gaines* court held that plaintiff did not even have to plead when her information was allegedly disclosed in order to proceed to discovery; a general allegation sufficed notwithstanding that by plaintiff's own admission, her information would have had to have been disclosed in a very narrow timeframe in order to be actionable under the pre-amendment version of the PPPA. *Id.* at PageID.1527-28. *Twombly* and *Iqbal* require, at a minimum, that plaintiff plausibly plead that her information was disclosed in an actionable timeframe. The *Gaines* court wrongly gave plaintiff a pass on this requirement as well.

The court then followed other federal court decisions in applying the six-year limitations period. The court's reasoning in this regard was in error for the reasons stated in Belvoir's motion papers. ECF No. 18 at PageID.1183-85.

## CONCLUSION

Belvoir respectfully requests that the Court decline to follow *Gaines* and grant Belvoir's motion to dismiss the FAC.

Date: May 16, 2023                    Respectfully submitted,


                    /s/ *Kristen C. Rodriguez*
                    Kristen C. Rodriguez
                    Deborah H. Renner
                    DENTONS US LLP
                    1221 Avenue of the Americas

New York, New York 10020
(212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*Belvoir Media Group, LLC*