# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE;
PATRICIA VANDUSEN;
RONALD ALLIX; AND RANDY
WELCH, individually and on behalf of
others similarly situated,

        *Plaintiffs*,

     v.

BELVOIR MEDIA GROUP, LLC,

        *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## DEFENDANT'S RESPONSE TO PLAINTIFFS'
## NOTICE OF SUPPLEMENTAL AUTHORITY

1

## STATEMENT OF ISSUES PRESENTED

1.      Whether this Court should rely on the ruling in *Nock v. Boardroom, Inc. d/b/a Bottom Line Inc.*, No. 22-cv-11296, ECF No. 27 (E.D. Mich. May 19, 2023), as persuasive authority in deciding Belvoir's Motion to Dismiss (ECF No. 18)?

Defendant's Answer: No.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authority for this Motion includes:

1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. *Nock v. Boardroom, Inc. d/b/a Bottom Line Inc.*, No. 22-cv-11296, ECF No. 27 (E.D. Mich. May 19, 2023).

4. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

5. *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023).

Belvoir[1] submits this response to Plaintiffs' Notice of Supplemental Authority, filed on May 22, 2023 (ECF No. 31) (the "Notice"), regarding *Nock v. Boardroom, Inc. d/b/a Bottom Line Inc.*, No. 22-cv-11296, ECF No. 27 (E.D. Mich. May 19, 2023). *Nock* is wrongly decided and should not be followed by this Court.

## ARGUMENT

## I.    Belvoir's Article III Standing Argument Differs from Boardroom's.

Plaintiffs' Notice implies that because the *Nock* court held that plaintiffs had Article III standing, this Court should make the same ruling here. But the defendant in *Nock* raised a different Article III argument than Belvoir raises here. In *Nock*, the defendant argued that plaintiffs lacked Article III standing because they failed to plead an injury-in-fact under *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021). *See Nock*, slip op. at 5-6. Belvoir has made no such argument.

Rather, Belvoir challenges Plaintiffs' Article III standing by arguing that because Plaintiffs were not Belvoir customers, they could not have been injured *by Belvoir*. (Both Belvoir and one of the Plaintiffs submitted declarations on this issue.) (ECF No. 18, PageID.1191-93.) It is a fundamental tenet of Article III standing that a plaintiff's injury must be traceable to the defendant's conduct. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While courts have found that a bare

---

[1] Abbreviations herein have the same meanings ascribed to them in Belvoir's pending motion to dismiss the FAC. (ECF No. 18.)

statutory violation may suffice to show Article III injury under the PPPA (which Belvoir does not concede is correct), as a factual matter, that answers only one part of the Article III standing inquiry; the remaining inquiry—whether such injury is traceable back to the defendant—remains. *Id.* Belvoir's declarations demonstrate that Plaintiffs cannot tie their claim of injury to Belvoir and that they thus lack Article III standing. The requirements of Article III are not relaxed just because the only claim brought is a statutory one. The *Nock* court's ruling on Boardroom's Article III standing is not relevant here.[2]

## II. *Nock* Misapplied the Pleading Standard.

The *Nock* court's holding renders the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) toothless. As these cases make clear, allegations must plead a plausible claim to pass muster. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court in *Nock* accepted vague, conclusory, information and belief allegations as true without explanation or analysis. The *Nock* court held that the

---

[2] Moreover, the Plaintiffs cite to the *Nock* court's ruling on the applicability of the six-year statute of limitations. (ECF 31, PageID.1717 at ¶ 3.)  But the court blindly followed other courts on this issue, without analysis. *Nock*, slip op. at 7. And importantly, the *Nock* court declined to rule on whether the class period was tolled. *Nock*, slip op. at 8 n.1.

plaintiff needed only to provide "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought . . . [t]hat's it." *Nock*, slip op. at 10 (citing *Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019). But this is flatly contrary to *Iqbal* and *Twombly*. The Sixth Circuit case the *Nock* court relies upon, *Gallivan,* did not conduct a plausibility analysis. Instead, the court focused solely on the question of whether it was improper to dismiss the plaintiff's action because a required affidavit was not included with the complaint. *Gallivan*, 943 F.3d at 293-94.

The *Nock* court not only disregarded *Iqbal* and *Twombly*, but also rejected the reasoning of two courts that recently dismissed similar allegations as here as inadequate. *See Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022); *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023) (ECF No. 23-2). Instead, without analysis, the *Nock* court followed the reasoning in *Gaines v. National Wildlife Federation*, No. 22-cv-11173, ECF No. 35 (E.D. Mich. May 1, 2023), which also applied a more lenient standard than required by *Iqbal* and *Twombly*. (ECF No. 30-1, PageID.1709-14.)

## CONCLUSION

Belvoir respectfully requests that the Court decline to follow *Nock* and grant Belvoir's motion to dismiss the FAC.

Date: June 5, 2023                    Respectfully submitted,


                                      /s/ *Kristen C. Rodriguez*
                                      Kristen C. Rodriguez
                                      Deborah H. Renner
                                      DENTONS US LLP
                                      1221 Avenue of the Americas
                                      New York, New York 10020
                                      (212) 768-6700
                                      kristen.rodriguez@dentons.com
                                      deborah.renner@dentons.com

                                      Peter B. Kupelian (P31812)
                                      Carol G. Schley (P51301)
                                      CLARK HILL PLC
                                      151 South Old Woodward Ave., Suite 200
                                      Birmingham, MI 48009
                                      (248) 530-6336
                                      pkupelian@clarkhill.com
                                      cschley@clarkhill.com

                                      *Counsel for Defendant*
                                      *Belvoir Media Group, LLC*