# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; AND RANDY WELCH, individually and on behalf of others similarly situated,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>　　　　*Defendant*. | Case No. 4:22-cv-12153<br>Hon. Shalina D. Kumar<br><br>Magistrate Judge David R. Grand |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

1

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should rely on the rulings in *Gottsleben v. Informa Media, Inc.*, No. 1:22-cv-866, ECF No. 51 (W.D. Mich. July 7, 2023) and *Schreiber v. Mayo Foundation for Medical Education and Research*, No. 2:22-cv-188, ECF No. 45 (W.D. Mich. July 13, 2023), as persuasive authority in deciding Belvoir's Motion to Dismiss (ECF No. 18)?

    Defendant's Answer: No.

i

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authority for this Motion includes:

1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. *Gottsleben v. Informa Media, Inc.*, No. 1:22-cv-866, ECF No. 51 (W.D. Mich. July 7, 2023).

4. *Schreiber v. Mayo Found. for Med. Educ. and Res.*, No. 2:22-cv-188, ECF No. 45 (W.D. Mich. July 13, 2023).

5. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

Belvoir[1] submits this response to Plaintiffs' Notice of Supplemental Authority, filed on July 27, 2023 (ECF No. 33) (the "Notice"), regarding *Gottsleben v. Informa Media, Inc.*, No. 1:22-cv-866, ECF No. 51 (W.D. Mich. July 7, 2023) and *Schreiber v. Mayo Foundation for Medical Education and Research*, No. 2:22-cv-188, ECF No. 45 (W.D. Mich. July 13, 2023). The *Gottsleben* court erred in finding that a Michigan state procedural rule—which tolled deadlines during the COVID-19 pandemic—saved the plaintiff's stale claims. Further, *Gottsleben* and *Schreiber*, both decided by the same judge, erroneously credited vague, conclusory, information and belief allegations. Accordingly, the Court should not follow *Gottsleben* or *Schreiber*. In all events, *Gottsleben* and *Schreiber* have no impact on the threshold standing question before the Court in Belvoir's motion to dismiss, which is whether the Plaintiffs should be allowed to proceed when none of them have the requisite relationship with Belvoir before or during any relevant time frame.

## ARGUMENT

### I. *Gottsleben* Erroneously Applies Michigan COVID-19 Tolling Orders.

*Gottsleben* erroneously allowed the plaintiff's untimely claim to proceed based on long-expired Michigan Supreme Court administrative orders that tolled filing deadlines in Michigan *state* courts for 102 days in 2020 at the height of the

---

[1] Abbreviations herein have the same meanings ascribed to them in Belvoir's pending motion to dismiss the FAC. (ECF No. 18.)

1

COVID-19 pandemic (the "Orders"). No. 1:22-cv-866, ECF No. 51 at PageID.1798-1801. The Orders were wrongly applied in *Gottsleben* for at least the following two reasons:

**First,** the court in *Gottsleben* found the Orders applicable to the plaintiff's September 2023 claim, in direct contravention of the plain language of the Orders. The Orders explicitly extended only Michigan state court deadlines that fell *during* the Governor of Michigan's COVID-19-related state of emergency in 2020. *See* ECF No. 18 at PageID.1179-81.

The *Gottsleben* court relied on a "binding" intermediate state court decision, *Carter v. DTN Mgmt. Co.,* No. 360772, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023), in holding that it was required to find that the Orders extended the plaintiff's filing deadline. *Gottsleben*, No. 1:22-cv-866, ECF No. 51 at PageID.1799. But that decision was not, in fact, binding on the court, and is not binding on this Court. *Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 635 (E.D. Mich. 2016) (intermediate state court decisions "are not binding on federal courts") (Belvoir's Reply Papers, ECF No. 23, PageID.1433-35.).

**Second**, the *Gottsleben* court wrongly applied a state "procedural rule" to toll PPPA class claims. *Carter,* 2023 WL 439760, at *4 (finding that COVID-19 tolling "is plainly a procedural matter."). In applying the Orders, the court found the Orders did not conflict with any federal rules and, therefore, to not apply the Orders "would

2

result in an 'inequitable administration of the law' whereby Informa could escape from liability 'solely because of the fortuity that there is diversity of citizenship between the litigants.'" No. 1:22-cv-866, ECF No. 51 at PageID.1800-01 (citations and quotation marks omitted). That's not necessarily true. Plaintiffs could have elected to file their claim on an individual basis in Michigan state court. The case is only proceeding in federal court because Plaintiffs' counsel elected to bring it as a class action, which could not have been brought in state court as Michigan law bars class actions under statutes that, like the PPPA, do not expressly authorize them. M.C.R. 3.501(A)(5). The Plaintiffs invoked federal jurisdiction through CAFA, which means this action is governed by the Federal Rules of Civil Procedure. State court procedures, such as those embodied in the COVID-19 Orders, do not apply. *See Hanna v. Plumber*, 380 U.S. 460, 465 (1965).

**II.**     ***Gottsleben* and *Schreiber* Misapplied the Pleading Standard.**

The court erred in both *Gottsleben* and *Schreiber* by failing to properly apply the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Gottsleben* and *Schreiber* drew implausible inferences from the scant factual allegations in each complaint, contrary to *Iqbal*'s requirement that the plaintiff allege enough facts to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

3

For example, in Schreiber, the court implausibly inferred that the publisher unlawfully disclosed plaintiff's data solely because third parties allegedly possessed some subscribers' information, even though disclosure is not *per se* prohibited by the PPPA, there are other sources of subscriber information available—as Plaintiffs themselves plead here (ECF No. 16 at ¶¶ 31-43)—and there were no allegations supporting plaintiff's belief that his data was among that which was allegedly disclosed. No. 2:22-cv-188, ECF No. 45 at PageID.1460. And both *Schreiber* and *Gottsleben* held that "data cards" dated years before and after the relevant 2016 period, cobbled together with other allegations, were sufficient to infer disclosures in 2016. *Schreiber*, No. 2:22-cv-188, ECF No. 45 at PageID.1494-95; *Gottsleben*, No. 1:22-cv-866, ECF No. 51 at PageID.1801-03. And here, the allegations are different and not as detailed as in those cases. This Court should follow *Nashel*, which correctly declined to leap to similar conclusions *Iqbal* and *Twombly*. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657, at *5 (E.D. Mich. Oct. 11, 2022). Because neither *Gottsleben* nor *Schreiber* properly applied *Iqbal* and *Twombly*, this Court should decline to follow them here.

## CONCLUSION

Belvoir respectfully requests that the Court decline to follow *Gottsleben* and *Schreiber* and grant Belvoir's motion to dismiss the FAC.

Date: July 28, 2023               Respectfully submitted,

4

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*Belvoir Media Group, LLC*