IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE;
PATRICIA VANDUSEN;
RONALD ALLIX; AND RANDY
WELCH, individually and on behalf of
others similarly situated,

           *Plaintiffs*,

           v.

BELVOIR MEDIA GROUP, LLC,

           *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## DEFENDANT BELVOIR MEDIA GROUP, LLC'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendant Belvoir Media Group, LLC ("Belvoir") respectfully moves the Court for leave to file the recent decision in *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023) and the Michigan Supreme Court's order in *Carter v. DTN Management Co.*, 991 N.W.2d 586 (Mich. 2023) (the "*Carter II* Order") as supplemental authority in further support of Belvoir's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 18). Both the *Compagner* decision and the *Carter II* Order demonstrate the unsettled nature of the issue of so-called "COVID-19 tolling" before the Court.

Pursuant to Local Rule 7.1(a), Defendant's counsel certifies that on September 13, 2023, they communicated with Plaintiffs' counsel, explaining the nature of the relief sought in this Motion and seeking concurrence in that relief. Counsel for Plaintiffs and Defendant concurred that Defendant could file its Notice of Supplemental Authority (the "Notice") and Plaintiffs could file a substantive response (the "Response"), with neither the Notice nor the Response going beyond five pages.

Dated: September 13, 2023  Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue,
Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*Belvoir Media Group, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

PHILIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; AND RANDY WELCH, individually and on behalf of others similarly situated,

        *Plaintiffs*,

    v.

BELVOIR MEDIA GROUP, LLC,

        *Defendant*.

Case No. 4:22-cv-12153
Hon. Shalina D. Kumar

Magistrate Judge David R. Grand

## BRIEF IN SUPPORT OF DEFENDANT BELVOIR MEDIA GROUP, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

## STATEMENT OF ISSUE PRESENTED

1. Whether this Court should grant Defendant leave to submit supplemental authority in support of its Motion to Dismiss Plaintiffs' First Amended Complaint when that authority is directly on point on the issue of so-called "COVID-19 tolling" raised in Plaintiffs' Opposition?

   Defendant's Answer: YES.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling authority for this Motion includes:

1. *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023).

2. *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. 2023) (Mem.).

# INTRODUCTION

Defendant Belvoir Media Group, LLC ("Belvoir" or "Defendant") respectfully seeks leave to submit a Notice of Supplemental Authority (attached hereto as Exhibit A) regarding the recent decision in *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023) (the "*Compagner* Decision") and order in *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. 2023) (Mem.) (the "*Carter II* Order") in support of Belvoir's Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 18.) The *Compagner* Decision and the *Carter II* Order are directly relevant to the issue of "COVID-19 tolling" raised by Plaintiffs in opposition to Defendant's Motion to Dismiss, and each was decided after Defendant filed its Reply in Support of its Motion to Dismiss. Accordingly, this Motion for Leave to File Supplemental Authority should be granted.

# ARGUMENT

"Courts may grant parties leave to file supplemental authority 'in the interests of justice when the proposed submission contains "new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence" when the original briefs were filed.'" *Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 2664415, at *5 (S.D. Ohio Mar. 28, 2023) (quoting *Valassis Commc'ns, Inc. v. News Corp.*, No. 13-cv-14654, 2015 WL 13050049, at *1 (E.D.

Mich. Dec. 23, 2015)). Courts in this District routinely "accept[] and consider[]" supplemental authority that "draw the court's attention to recent cases decided" after the close of briefing in a relevant "area of law." *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 904 (E.D. Mich. 2004); *Smith v. Stellar Recovery, Inc.*, No. 15-cv-11717, 2017 WL 1336075, at *8 (E.D. Mich. Feb. 7, 2017), report and recommendation adopted, No. 2:15-cv-11717, 2017 WL 955128 (E.D. Mich. Mar. 13, 2017) ("the authorities cited were decided after the parties filed their respective motions for partial summary judgment, and the filing of such supplemental authority has precedent in this district."); *Kiriacopoulos v. Gen. Motors LLC*, No. 22-cv-10785, 2023 WL 2789622, at *1 n.1 (E.D. Mich. Apr. 5, 2023) (granting defendant's "motion for leave to file a notice of supplemental authority" in support of motion to dismiss and "tak[ing] into consideration the authorities identified in that filing."); *Kerchen v. Raphalides*, No. 22-cv-12492, 2023 WL 4933933, at *1-5 (E.D. Mich. Aug. 2, 2023) (Kumar, J.) (considering whether "two recently decided Michigan Supreme Court cases" brought "to the Court's attention" in a notice of supplemental authority required dismissal).

Defendant should be granted leave to file the *Compagner* Decision and the *Carter II* Order as supplemental authority because both cases are directly relevant to the argument advanced by Plaintiffs in their Opposition to Belvoir's Motion to Dismiss (the "Opposition," ECF No. 19) that they are entitled to tolling based on

2

certain state orders issued in response to the COVID-19 pandemic. (ECF No. 19, PageID.1239.) Indeed, both cases consider whether orders issued by the Michigan Supreme Court purporting to toll certain filing deadlines at the height of the COVID-19 pandemic (the "Orders") render timely otherwise time-barred claims, as Plaintiffs argue here. ECF No. 19, PageID.1237-42; *Compagner*, 2023 WL 3766734 at *5-17; *Carter*, 991 N.W.2d at 586. These cases also seriously undercut the persuasive value of the Michigan Court of Appeals' decision in an underlying decision in *Carter v. DTN Mgmt. Co.*, --- Mich. App. ----, --- N.W.2d ----, 2023 WL 439760 (2023) ("*Carter I*"), which Plaintiffs attached as Exhibit A to their Opposition and asserted saved their otherwise time-barred claims. (ECF No. 19, PageID.1239, 1241-42; 19-2, PageID.1264-68.)

In another PPPA case, *Gottsleben v. Informa Media*, Inc., No. 1:22-cv-866, ECF No. 51 (W.D. Mich. July 7, 2023)—which Plaintiffs have submitted as supplemental authority in support of their Opposition—the court accepted Plaintiffs' counsel's arguments regarding *Carter I* and found the plaintiff's claims were timely.[1] ECF No. 33; *Gottsleben*, 1:22-cv-866, ECF No. 51, PageID.1798-1801. Plaintiffs' reliance on the Michigan Court of Appeals' decision in *Carter I* renders

---

[1] In reaching its decision, the *Gottsleben* court erroneously held that the Michigan Court of Appeals decision was binding on the federal court. *Id.* at PageID.1799. But intermediate state court decisions are not binding on federal courts. *Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 635 (E.D. Mich. 2016).

3

*Compagner* and the Michigan Supreme Court's order in *Carter II* highly relevant: *Compagner* expressly rejects *Carter I*'s faulty logic and holding, and the Michigan Supreme Court's order in *Carter II* grants a petition to review the lower court's decision in *Carter I* that Plaintiffs so heavily rely on here. For these reasons "[t]he interests of justice are best served by allowing" Defendant to file this countervailing supplemental authority. *Kinney v. Horton*, No. 17-11545, 2018 WL 558807, at *1 (E.D. Mich. Jan. 25, 2018).

Finally, both cases were decided after Defendant filed its Reply in Support of its Motion to Dismiss (ECF No. 23) on March 13, 2023, so Defendant could not have cited them before its last brief in support of its Motion to Dismiss was due. *See Carter II*, 991 N.W.2d 586 (decided June 30, 2023); *Compagner*, 2023 WL 3766734 (decided June 1, 2023). *Compare Smith*, 2017 WL 1336075, at *8 (finding proper the consideration of authorities "decided after the parties filed their respective motions"); *with Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. (UAW) v. Visteon Corp.*, No. 10-13903, 2013 WL 12441092, at *4 (E.D. Mich. Oct. 22, 2013) (denying motion for leave to file supplemental authority that had been decided almost one year prior "and could have been raised at that time.").

## CONCLUSION

For the foregoing reasons, the Court should grant Belvoir's Motion for Leave to File Supplemental Authority and should thereafter grant Belvoir's Motion to Dismiss.

Date: September 13, 2023            Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*Belvoir Media Group, LLC*

5

## **Certificate of Service**

I hereby certify that on September 13, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez