# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; AND RANDY WELCH, individually and on behalf of others similarly situated,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>　　　　　*Defendant*. | Case No. 4:22-cv-12153<br>Hon. Shalina D. Kumar<br><br>Magistrate Judge David R. Grand |

## DEFENDANT BELVOIR MEDIA GROUP, LLC'S
## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

# INTRODUCTION

Defendant Belvoir Media Group, LLC ("Belvoir" or "Defendant") respectfully notifies the Court of a highly relevant case decided after the close of briefing—*Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023), (the "*Compagner* Decision," attached hereto as Exhibit 1)—and of further appellate proceedings in *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. 2023) (Mem.) (the "*Carter II* Order," attached hereto as Exhibit 2). These cases undercut Plaintiffs' position that they are entitled to "COVID-19 tolling" to save their otherwise untimely claims. To support their argument, Plaintiffs have relied on *Carter v. DTN Mgmt. Co.*, --- Mich. App. ----; --- N.W.2d ----, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) ("*Carter I*"). But the reasoning and holding in *Carter I* is now in question under the *Compagner* Decision and the *Carter II* Order. Indeed, the Michigan Court of Appeals panel in *Compagner* expressly rejected the analysis in *Carter I*, and the Michigan Supreme Court has agreed to review the holdings in *Carter I*.

# ARGUMENT

Belvoir moved to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on several bases, including that Plaintiffs' claims are time-barred. (ECF No. 18, PageID.1173-82.) In their Opposition, Plaintiffs relied on the January 26, 2023 order issued by the

Michigan Court of Appeals in *Carter I* to support their contention that the orders issued during the COVID-19 pandemic (the "Orders") toll certain filing deadlines and rendered their claims timely under the six-year limitation period Plaintiffs have argued applies. (ECF No. 19, PageID.1239, 1241-42.) Since their Opposition, Plaintiffs have submitted Notices of Supplemental Authority concerning PPPA actions wherein COVID-19 tolling has been applied based on *Carter I*.[1]

In view of the *Compagner* Decision and the *Carter II* Order, Plaintiffs' reliance on *Carter I* and the supplemental authority they submitted relying on *Carter I* must be considered with caution.

### I. *Compagner* Undermines the Holdings of *Carter I*.

Nearly six months after the decision in *Carter I*, a separate panel of judges for the Michigan Court of Appeals held that "*Carter* was wrongly decided" because the Michigan "Supreme Court did not have the constitutional authority to issue" the Orders, rendering them invalid and incapable of saving the plaintiffs' "untimely filed" complaint. *Compagner*, 2023 WL 3766734, at *16. The *Compagner* court concluded that it was required to "follow *Carter* on this issue" and, because it

---

[1] *Briscoe v. NTVB Media Inc.*, No. 4:22-cv-10352, ECF No. 41 (E.D. Mich. Mar. 3, 2023) (citing *Carter I* in finding that COVID tolling should apply in the PPPA action); *Gottsleben v. Informa Media, Inc.*, No. 1:22-cv-866, ECF No. 51 (W.D. Mich., July 7, 2023) (same).

2

disagreed, "declare a conflict with *Carter* relative to the constitutional validity of the Supreme Court's" Orders pursuant to M.C.R. 7.215(J). *Id.* at *8, *17.

Underscoring "the muddied nature of the caselaw" related to the applicability of the Orders, the *Compagner* court also reasoned that *Carter I*'s conclusion that the Orders tolled deadlines that expired after those Orders were rescinded in 2020 was "inconsistent" with both the language of the COVID-19 Orders and two other "controlling, published" Michigan Court of Appeals cases, which "interpreted [those Orders] as applying only to deadlines (for filing case-initiation or responsive pleadings) 'during the state of emergency'" related to COVID-19 in 2020, pursuant to the express language of the Orders. *Id.* at *6-8 (citing *Wenkel v. Farm Bureau Gen. Ins. Co. of Mich.*, No. 358526, --- N.W.2d ----, 2022 WL 17364773, at *4 (Mich. Ct. App. Dec. 1, 2022), appeal denied, 988 N.W.2d 482 (Mich. 2023); *Armijo v. Bronson Methodist Hosp.*, No. 358728, --- N.W.2d ----, 2023 WL 324450, at *5, 6-7 (Mich. Ct. App. Jan. 19, 2023)).

Not only does the *Compagner* Decision undercut Plaintiffs' argument that COVID-19 tolling should be permitted here, but the cases upon which it relies also demonstrate the unsettled nature of this issue. The *Compagner* Decision questions both the constitutionality of the Orders and *Carter I*'s substantive analysis of their applicability. This Court should not apply the reasoning of *Carter I* to save Plaintiffs' claims here.

3

## II. The Michigan Supreme Court Should Decide the Issue of COVID-19 Tolling.

As a decision of an intermediate state court, the Michigan Court of Appeal's January 2023 ruling in *Carter I* is not binding here. However, the same would not be true as to a decision by the Michigan Supreme Court: "in general, 'only the law as expressed by the highest court of a State is binding on this Court in a diversity action.'" *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 362 (6th Cir. 2014) (quoting *Ruth v. Bituminous Cas. Corp.*, 427 F.2d 290, 292 (6th Cir. 1970)). This bears particular force here, as following the Michigan Court of Appeals' published opinions in both *Compagner* and *Carter I* would be impossible, given that *Compagner* expressly and vociferously disagreed with relevant portions of *Carter I*. *Compagner*, 2023 WL 3766734, at *1, 8-17.

Further weakening the persuasive value of *Carter I* is the fact that the Michigan Supreme Court has taken the case up on review. *Carter*, 991 N.W.2d 586. The *Carter II* Order directs the parties to "address whether this Court possessed the authority to issue Administrative Order Nos. 2020-3 and 2020-18." *Id.*; ECF No. 18, PageID.1182.

## CONCLUSION

For the foregoing reasons, the Court should follow the *Compagner* Decision and hold that COVID-19 tolling does not apply, and Plaintiffs' claims are time-barred. It should thereafter grant Belvoir's Motion to Dismiss Plaintiffs' stale claims.

Date: September 13, 2023

Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*Belvoir Media Group, LLC*

## Certificate of Service

I hereby certify that on September 13, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez