# TAB A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILLIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; and RANDY WELCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>Defendant. | Case No. 4:22-cv-12153-SDK-DRG<br><br>**DECLARATION OF THOMAS E. CANFIELD** |

I, Thomas E. Canfield, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Vice President of Circulation at Belvoir Media Group, LLC ("Belvoir") and manage Belvoir's marketing database. I have been in this role since 2006. In over my twenty years with the company, I have held a number of different roles at Belvoir.

2. I make this Declaration in support of Belvoir's motion to dismiss the above-captioned action based on my personal knowledge, my review of Belvoir's records kept in the ordinary course of business, address information provided by Plaintiffs' counsel and information provided in the First Amended Complaint ("FAC").

1

3. I have reviewed and am familiar with the allegations in the First Amended Complaint filed by Plaintiffs Phillip Lee, Pamela White, Patricia VanDusen, Ronald Allix, and Randy Welch (the "Plaintiffs").

4. In their FAC, Plaintiffs fail to allege which Belvoir publication each Plaintiff purportedly purchased. However, they do allege what they believe to be the relevant time period for any allegedly wrongful conduct: February 21, 2016 through July 30, 2016. (FAC ¶ 1, n. 1.)

5. During that time period, Belvoir owned a number of wellness and hobby related publications (e.g. *Kitplanes, WholeDog Journal, Heart Advisor, Women's Health Advisor*). Collectively, the publications owned by Belvoir during the February 21, 2016 through July 30, 2016 time period are referred to as the "Belvoir Publications."

6. Belvoir's internal database, kept in the ordinary course of business, contains records of current and historical transactions related to the subscriber (*i.e.*, the person to whom the issues of the magazine are addressed, even if the subscription was gifted) as well as the subscriber's name and last known address associated with the subscription. This information is maintained for both active and inactive subscribers to the Belvoir Publications. For gift subscriptions, the internal database contains the name of the donor (*i.e.*, the person who purchased the subscription) and the donor's current associated address. This information is maintained for both

active and inactive subscribers to the Belvoir Publications. The subscriber and, if applicable, the donor, are the only names associated with a Belvoir Publication in the internal database.

7. I am able to search the internal database by name and address, among other data fields.

8. I am informed that Plaintiffs' counsel provided Defendant's counsel with addresses for each Plaintiff. Accordingly, with respect to each Plaintiff, I searched Belvoir's internal database by the names and addresses provided by Plaintiffs' counsel.

9. I am aware that Plaintiff Lee alleges that prior to July 31, 2016, he "was a subscriber to multiple publications" and that Belvoir "disclosed, without the requisite consent or prior notice, Plaintiff Lee's Private Reading Information." (FAC ¶ 14.)

10. Based on my review of the internal database, Belvoir has no record that anyone named Phillip Lee, at the address provided by Plaintiffs' counsel, purchased any Belvoir Publications prior to July 31, 2016 as a subscriber or donor.

11. I am aware that Plaintiff White alleges that prior to July 31, 2016, she "was a subscriber to multiple publications" and that Belvoir "disclosed, without the requisite consent or prior notice, Plaintiff White's Private Reading Information." (FAC ¶ 15.)

12. Based on my review of the internal database, Belvoir has no record that anyone named Pamela White, at the address provided by Plaintiffs' counsel, purchased any Belvoir Publications prior to July 31, 2016 as a subscriber or donor.

13. I am aware that Plaintiff VanDusen alleges that prior to July 31, 2016, she "was a subscriber to multiple publications" and that Belvoir "disclosed, without the requisite consent or prior notice, Plaintiff VanDusen's Private Reading Information." (FAC ¶ 16.)

14. Based on my review of the internal database, Belvoir has no record that anyone named Patricia VanDusen, at the address provided by Plaintiffs' counsel, purchased any Belvoir Publications prior to July 31, 2016 as a subscriber or donor.

15. I am aware that Plaintiff Allix alleges that prior to July 31, 2016, he "was a subscriber to multiple publications" and that Belvoir "disclosed, without the requisite consent or prior notice, Plaintiff Allix's Private Reading Information." (FAC ¶ 17.)

16. Based on my review of the internal database, Belvoir has no record that anyone named Ronald Allix, at the address provided by Plaintiffs' counsel, purchased any Belvoir Publications prior to July 31, 2016 as a subscriber or donor.

17. I am aware that Plaintiff Welch alleges that prior to July 31, 2016, he "was a subscriber to multiple publications" and that Belvoir "disclosed, without the

requisite consent or prior notice, Plaintiff Welch's Private Reading Information." (FAC ¶ 18.)

18. Based on my review of the internal database, Belvoir has no record that anyone named Randy Welch, at the address provided by Plaintiffs' counsel, purchased any Belvoir Publications prior to July 31 2016 as a subscriber or donor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed this 25 day of January, 2023 in  NORWALK, CT

Thomas E. Canfield