## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILLIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; and RANDY WELCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>Defendant. | Case No. 4:22-cv-12153-SDK-DRG<br><br>Hon. Shalina D. Kumar<br><br><br>**CLASS ACTION** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Phillip Lee, Pamela White, Patricia VanDusen, Ronald Allix, and Randy Welch respectfully move this Court to grant their Motion for Leave to Amend. Specifically, Plaintiffs request that the Court grant leave, pursuant to Fed. R. Civ. P. 15, to amend their Complaint and file the attached Proposed Second Amended Complaint (**Exhibit 1** hereto), which adds two additional named plaintiffs, Lynne Vandebunte and Steven Lepsetz, and removes Plaintiffs Lee, White, Welch and VanDusen, but is otherwise substantively identical to the operative First Amended Complaint. In accordance with Local Rule 7.1(a), Plaintiffs, through multiple inquiries and discussions, have ascertained through counsel that Defendant Belvoir Media Group, LLC will not consent to this Motion.

For the reasons discussed in the accompanying Brief, the Motion should be granted.

Dated: December 11, 2023                   Respectfully submitted,

                                           */s/ E. Powell Miller*
                                           E. Powell Miller (P39487)
                                           THE MILLER LAW FIRM, P.C.
                                           950 W. University Drive, Suite 300
                                           Rochester, MI 48307
                                           Tel: 248-841-2200
                                           epm@millerlawpc.com

                                           Joseph I. Marchese
                                           Philip L. Fraietta (P85228)
                                           BURSOR & FISHER, P.A.
                                           1330 Avenue of the Americas, 32nd Floor
                                           New York, New York 10019
                                           Tel: 646.837.7150

Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com

*Attorneys for Plaintiffs and
the Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHILLIP LEE; PAMELA WHITE; PATRICIA VANDUSEN; RONALD ALLIX; and RANDY WELCH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>BELVOIR MEDIA GROUP, LLC,<br><br>    Defendant. | Case No. 4:22-cv-12153-SDK-DRG<br><br>Hon. Shalina D. Kumar<br><br><br>**CLASS ACTION** |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should Plaintiffs be granted leave to file their proposed Second Amended Complaint pursuant to Fed. R. Civ. P. 15?

   **Plaintiffs' Answer: Yes.**

## MOST CONTROLLING AUTHORITY

- Fed. R. Civ. P. 15
- *Foman v. Davis*, 371 U.S. 178 (1962)
- *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)
- *Kittle v. America's Test Kitchen LP*, 2019 WL 6496596 (E.D. Mich. Dec. 3, 2019)
- *Lin v. Crain Commc'ns Inc.*, 2020 WL 2043527 (E.D. Mich. Apr. 27, 2020)
- *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999)
- *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986)
- *Thiel v. Baby Matters, L.L.C.*, 2013 WL 5913394 (E.D. Mich. Oct. 31, 2013)

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................1

LEGAL STANDARD.............................................................................................2

ARGUMENT ..........................................................................................................4

      I.      Plaintiffs Seek to add Ms. Vandebunte and Mr. Lepsetz as Named Plaintiffs to Protect the Interests of Putative Class Members...............4

      II.     Justice Requires Granting Plaintiffs Leave to File the Proposed SAC Pursuant to Rule 15 ...............................................................................7

CONCLUSION .....................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Aguilar v. Boulder Brands, Inc.*,
   2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ......................................................11

*American Family Mut. Ins.*,
   705 F.3d 339 (8th Cir. 2013) .................................................................................7

*Chaz Constr., LLC v. Codell*,
   137 F. App'x 735 (6th Cir. 2005).........................................................................3

*Chu v. Wells Fargo Invs., LLC*,
   2009 WL 3061974 (N.D. Cal. Sept. 24, 2009)......................................................4

*Church Joint Venture, L.P. v. Blasingame*,
   947 F. 3d 925 (6th Cir. 2020) ..............................................................................13

*Comau LLC v. Blue Cross Blue Shield of Michigan*,
   2022 WL 2373352 (E.D. Mich. June 30, 2022)..................................................10

*Cutsinger v. Humphrey*,
   2015 WL 6750786 (E.D. Mich. Nov. 5, 2015) .................................................8, 9

*Duggins v. Steak 'N Shake, Inc.*,
   195 F.3d 828 (6th Cir. 1999) .................................................................................8

*Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*,
   2013 WL 12182285 (E.D. Mich. Nov. 4, 2013) .................................................10

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F. 3d 1048 (9th Cir. 2003) ..............................................................................7

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................................... passim

*Gilliam v. Addicts Rehab. Ctr. Fund*,
   2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006) .......................................................9

*Hahn v. Star Bank*,
   190 F.3d 708 (6th Cir. 1999) .................................................................................3

*Howey v. U.S.*,
   481 F.2d 1187 (9th Cir. 1973)................................................................................7

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*,
   2020 WL 3571716 (E.D. Mich. 2020) ...................................................................4

*In re Gen. Motors LLC Ignition Switch Litig.*,
   2017 WL 5504531 (S.D.N.Y. Nov. 15, 2017) ................................................5, 10

*In re Nat'l Austl. Bank Sec. Litig.*,
   2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) .........................................................5

*Keely v. Dep't of Veterans Affairs*,
   2011 WL 824493 (E.D. Mich. Mar. 3, 2011).........................................................3

*Klein by Klein v. Caterpillar Inc.*,
   581 F. Supp. 3d 912 (E.D. Mich. 2022) ......................................................... 9, 11

*Lin v. Crain Commc'ns Inc.*,
   2020 WL2043527 (E.D. Mich. Apr. 27, 2020) ......................................................5

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
   238 F.3d 363 (5th Cir.2001) ......................................................................................7

*Lurschat v. General Bearing Corp.*,
   2007 WL 2080302 (E.D. Mich. Jul. 19, 2007) ......................................................7

*Marks v. Shell Oil Co.*,
   830 F.2d 68 (6th Cir. 1987 ........................................................................................3

*Moore v. City of Paducah*,
   790 F.2d 557 (6th Cir. 1986) ....................................................................................3

*Morse v. McWhorter*,
   290 F.3d 795 (6th Cir. 2002) .......................................................................... 12, 13

*Phelps v. McClellan*,
   30 F.3d 658 (6th Cir. 1994) ....................................................................................10

*Phillips v. Ford Motor Co.*,
   435 F.3d 785 (7th Cir. 2006) ....................................................................................4

*Smith v. Leis*,
   2009 WL 1687945 (S.D. Ohio, June 12, 2009) ....................................................5

*Smith v. Martorello*,
   2022 WL 2705510 (D. Or. June 8, 2022) ..............................................................9

*Thiel v. Baby Matters, L.L.C.*,
   2013 WL 5913394 (E.D. Mich. Oct. 31, 2013) ....................................................3

*Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*,
   987 F.2d 376 (6th Cir. 1993) ..................................................................................10

*Turrey v. Vervent, Inc.*,
   2021 WL 5042120 (S.D. Cal. Oct. 28, 2021) ........................................................4

*Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*,
   2008 WL 251985 (E.D. Mich. Jan. 30, 2008) ......................................................3

*Ziegler v. Aukerman*,
   512 F. 3d 777 (6th Cir. 2008) ................................................................................13

## Other Authorities

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.26 ...............................................4

## Rules

Fed. R. Civ. P. 15 ................................................................................ passim

Plaintiffs Phillip Lee, Pamela White, Patricia VanDusen, Ronald Allix, and Randy Welch respectfully submit this motion for leave to file (the "Motion") a Second Amended Complaint, in the form attached hereto as **Exhibit A** (the "Proposed SAC"), to ensure that the interests of the putative class are protected going forward in this litigation.

## **INTRODUCTION**

Defendant Belvoir Media Group, LLC ("Belvoir") has questioned Mr. Lee, Ms. White, Ms. VanDusen, and Mr. Welch's entitlement to relief under the Michigan Preservation of Personal Privacy Act ("PPPA"), suggesting that they did not purchase subscriptions to Belvoir's publications prior to July 31, 2016. The Proposed SAC would moot this issue by removing Plaintiffs Lee, White, VanDusen, and Welch, and protect the interests of unnamed putative Class members by adding two new named plaintiffs who subscribed to Belvoir publications prior to July 31, 2016 – Ms. Lynne Vandebunte and Mr. Steven Lepsetz – to serve alongside Plaintiff Allix. Apart from the addition of Ms. Vandebunte and Mr. Lepsetz, the Proposed SAC is otherwise substantively identical to the operative First Amended Complaint. Just like Plaintiff Allix, Ms. Vandebunte and Mr. Lepsetz subscribed to multiple Belvoir publications, including health newsletters, and were never apprised of nor consented to Belvoir's disclosures of their personal reading information to third parties during the relevant time period.

1

This is a routine housekeeping motion commonly filed in class actions (including PPPA class actions) where purported deficiencies are identified in the claims of one or more of the named plaintiffs. And in a case as early in the litigation as the instant matter, where the Court has not even entered a scheduling order, discovery has not commenced, and the deadline to amend pleadings has not passed (or even been set), the relief requested in the Motion should not be controversial in light of Rule 15's liberal standard. Plaintiffs thus cannot understand, for the life of them, why Belvoir has refused to consent to the filing of the Proposed SAC – even after, at counsel for Belvoir's request during the parties' meet-and-confer conference regarding this motion, Plaintiffs' counsel provided Belvoir the names and addresses of the two proposed plaintiffs that this motion seeks to add to the case (and later provided Belvoir additional information concerning the proposed plaintiffs' Belvoir subscriptions, including their unique Belvoir subscription numbers), in order to assist Belvoir locate these individuals in its records.

For the following reasons, leave to amend is appropriate pursuant to Rule 15. The Motion should be granted, and Plaintiffs should be permitted to file the Proposed SAC.

## **LEGAL STANDARD**

"Rule 15(a) of the Federal Rules of Civil Procedure explicitly states that leave to amend a pleading should be 'freely given when justice so requires.'" *Hahn v. Star*

*Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Federal Rule of Civil Procedure 15 has a "'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Thiel v. Baby Matters, L.L.C.*, 2013 WL 5913394, at *2 (E.D. Mich. Oct. 31, 2013) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). Thus, "[t]o deny a motion for leave to amend, the court must find at least some significant showing of prejudice to the opponent." *Keely v. Dep't of Veterans Affairs*, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). "In determining whether a motion to amend should be granted, the facts pleaded are taken as true." *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 251985, at *2 (E.D. Mich. Jan. 30, 2008) (citing *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 739-40 (6th Cir. 2005)).

## **ARGUMENT**

I.     **Plaintiffs Seek to add Ms. Vandebunte and Mr. Lepsetz as Named Plaintiffs to Protect the Interests of Putative Class Members**

As a threshold matter, the addition of Ms. Vandebunte and Mr. Lepsetz as named Plaintiffs and putative class representatives, to serve alongside Plaintiff Allix, will protect the interests of all putative Class members and is appropriate under the circumstances of this case.

"In the context of class actions, courts have historically permitted the replacement or addition of class representatives simply by amending the complaint." *Chu v. Wells Fargo Invs., LLC*, 2009 WL 3061974, at *1 (N.D. Cal. Sept. 24, 2009) (citing, generally, MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.26). As a Court in this District has recognized, a "proposed amendment adding a new named plaintiff is 'a common and normally an unexceptionable ('routine') feature of class action litigation [ ] in federal courts.'" *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 2020 WL 3571716, at *2 (E.D. Mich. 2020) (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation . . . in the federal courts[.]"). *See also Turrey v. Vervent, Inc.*, 2021 WL 5042120, at *2 (S.D. Cal. Oct. 28, 2021) ("[T]he substitution of named plaintiffs in class action cases is ordinary."); *Smith v. Leis*, 2009 WL 1687945, at *1-2 (S.D.

Ohio, June 12, 2009) (granting plaintiffs' motion for leave to amend the complaint to add two plaintiffs).

Thus, "when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests." *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017); *see also id.* ("[C]ourts not only may, but *should*, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.") (quoting *In re Nat'l Austl. Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006)). *See also Lin v. Crain Commc'ns Inc.*, 2020 WL 2043527, at *1 (E.D. Mich. Apr. 27, 2020) (same).

In this case, Belvoir has questioned Mr. Lee, Ms. White, Ms. VanDusen, and Mr. Welch's entitlement to relief under the Michigan Preservation of Personal Privacy Act ("PPPA"), suggesting that they were not subscribers to Belvoir publications during the class period. The Proposed SAC would moot this issue by removing Plaintiffs Lee, White, VanDusen, and Welch, and protect the interests of unnamed putative Class members by adding two new named plaintiffs who subscribed to Belvoir publications prior to July 31, 2016 – Ms. Lynne Vandebunte

and Mr. Steven Lepsetz – to serve alongside Plaintiff Allix.[1] Just like Plaintiff Allix, Ms. Vandebunte and Mr. Lepsetz subscribed to multiple Belvoir publications, including health newsletters, and were never apprised of nor consented to Belvoir's disclosures of their personal reading information to third parties during the relevant time period.

Amending the pleadings to add one or more additional named plaintiffs and putative class representatives is a common practice at this stage of the litigation. Indeed, as the Rule 15 analysis below confirms, the proposed amendment is especially appropriate in this case given that it serves the dual purpose of providing full and adequate representation to the putative Class as well as mooting the existing dispute concerning many of the current Plaintiffs' subscribership.

---

[1]      In its motion to dismiss, Belvoir submitted a declaration denying that all Plaintiffs, including Plaintiff Allix, subscribed to its publications prior to July 31, 2016. In Plaintiffs' response in opposition to Belvoir's motion to dismiss, Plaintiff Allix submitted a declaration attesting to his subscribership to various Belvoir publications prior to July 31, 2016. ECF No. 19-4. Defendant then conceded Plaintiff Allix's subscribership in its reply brief (ECF No. 23), but asserted without any written records in support that Plaintiff Allix did not subscribe to the publication "directly" and that his purchase of a subscription "indirectly" deprives him of an entitlement to relief. *Id.* at PageID.1431-1432. But that is a disputed issue of both fact and law, and is capable of resolution only after discovery and at the appropriate stage of the proceedings, not in the context of a motion for leave to amend. And to date, Defendant has failed to produce any customer records for Plaintiff Allix corroborating its position on his subscriptions. Thus, Plaintiff Allix does not seek to be removed from the case at this time.

6

## II.    Justice Requires Granting Plaintiffs Leave to File the Proposed SAC Pursuant to Rule 15

"The goal of Rule 15[] is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel." *American Family Mut. Ins*., 705 F.3d 339, 348 (8th Cir. 2013) (citing *Foman*, 371 U.S. at 181-82). "Thus, amendments under the rule are to be liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." *Id*. (citation and quotations omitted).

A motion to amend should be denied only for reasons *not* present here, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *See Foman*, 371 U.S. at 182. However, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F. 3d 1048, 1052 (9th Cir. 2003). "Prejudice is the 'touchstone of the inquiry under rule 15[].'" *Id*. (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir.2001)). *See also Lurschat v. General Bearing Corp*., 2007 WL 2080302, at *2 (E.D. Mich. Jul. 19, 2007) ("[U]nless undue prejudice to opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." (quoting *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973))).

*First*, Plaintiffs' proposed amendment will not cause any undue prejudice to Defendant. *See Foman*, 371 U.S. at 182. "To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted). "'Prejudice' in the context of Rule 15 means more than the inconvenience of having to defend against a claim. It requires something more substantial." *Cutsinger v. Humphrey*, 2015 WL 6750786, at *2 (E.D. Mich. Nov. 5, 2015). And where, as here, "[t]he factual and legal allegations in the proposed Amended Complaint are largely the same as those included in the original Complaint" – indeed, Ms. Vandebunte and Mr. Lepsetz, as well as all of the existing Plaintiffs, allege that they subscribed to *Belvoir* publications and assert the exact same claims for violation of the PPPA – the opposing party would suffer no prejudice from the amendment. *Kittle v. Am.'s Test Kitchen LP*, 2019 WL 6496596, at *1 (E.D. Mich. Dec. 3, 2019) (finding no prejudice to defendant where plaintiff sought "to add two new named Plaintiffs" and the "factual and legal allegations in the proposed Amended Complaint are largely the same as those included in the original Complaint"); *see also Lin*, 2020 WL 2043527, at *2 (finding no prejudice to defendant where "the proposed amendment contains the same allegations as are in Lin's First Amended Complaint – it only adds two more plaintiffs"). Simply put: because none of the facts giving rise to the requested amendment are a surprise to Defendant, Defendant cannot show that it

would suffer any "significant prejudice" from the filing of the proposed SAC. *See Duggins*, 195 F. at 834.

Furthermore, Belvoir would not be prejudiced by the timing of the proposed amendment, as the amendment would not require any modification of the case schedule (indeed, a case schedule has not even been issued yet, as the Rule 16 scheduling conference is not set to occur until December 14, 2023). *See Gilliam v. Addicts Rehab. Ctr. Fund*, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery."); *Smith v. Martorello*, 2022 WL 2705510, at *3 (D. Or. June 8, 2022) ("Moving to amend is not prejudicial when discovery has not closed, there is no pending trial date, and the case as a whole remains in its early stages.") (citation and internal quotations omitted); *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (finding "no reason to deny Plaintiff leave to amend [where] [f]irst, Plaintiff did not delay in filing—discovery ha[d] not begun, and there [was] no scheduling order in place"); *see also, e.g.*, *Cutsinger*, 2015 WL 6750786, at *2 (explaining that, even where amendment is sought *after the close of discovery*, "the close of discovery has not been in itself enough to demonstrate prejudice"). And while conducting discovery concerning Ms. Vandebunte and Mr. Lepsetz will involve a modest amount of time and expense by Belvoir, it will surely not unduly prejudice Belvoir. *See In re General Motors LLC Ignition Switch Litig.*, 2017 WL

5504531, at *2 ("Expending 'time, effort and money' to litigate a matter, without more, does not constitute prejudice." ); *Comau LLC v. Blue Cross Blue Shield of Michigan*, 2022 WL 2373352, at *2 (E.D. Mich. June 30, 2022) ("In determining potential prejudice, the court considers whether the amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'") (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

Nor is the proposed amendment futile. *See Foman*, 371 U.S. at 182. Far from it, in fact. In its opinion denying Belvoir's motion to dismiss (*see* ECF No. 37), this Court has already found that the allegations of the operative FAC – which, again, are the same as the allegations made by all of the Plaintiffs in the Proposed SAC – adequately stated a claim for relied under the PPPA. *See Elite Int'l Enter., Inc. v. Patton Wallcoverings*, *Inc*., 2013 WL 12182285, at *2 (E.D. Mich. Nov. 4, 2013) ("[T]he standard for determining whether to deny leave to amend based on futility of amendment in the Sixth Circuit is the same standard that is used for a Rule 12(b)(6) motion to dismiss.") (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993)).

Finally, the instant Motion is not the product of any "undue delay, bad faith

or dilatory motive[2] on the part of the movant, [or] repeated failure to cure

---

[2]     As reflected throughout, there is plainly no bad faith or dilatory motive behind this Motion. In any event, Belvoir "has the burden of establishing that Plaintiff's proposed amendment is made in bad faith." *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at \*4 (S.D. Cal. Sept. 2, 2014). Belvoir cannot meet this burden. After reviewing Belvoir's statements in its motion to dismiss and Answer disputing that certain of the Plaintiffs had not purchased subscriptions to Belvoir's publications prior to July 31, 2016, Plaintiffs and their counsel thoroughly investigated this issue and were able to confirm from written records that Plaintiff Allix had made such a purchase. The other Plaintiffs continue to insist, as they have since the outset, that they likewise purchased subscriptions prior to July 31, 2016, but have been unable to locate records reflecting those purchases given the passage of time. Following the filing of Defendant's motion to dismiss and Answer, Plaintiffs' counsel also diligently began communicating with, and investigating the potential claims of, other Michigan residents who had represented that they had subscribed to Belvoir's publications prior to July 31, 2016, including by reviewing records of such subscriptions. These efforts ultimately resulted in Ms. Vandebunte and Mr. Lepsetz – individuals who were subscribers to Belvoir's publications, including prior to July 31, 2016 – retaining Plaintiffs' counsel to represent them as additional plaintiffs and putative class representatives in this case.

Now, before discovery has even opened and prior to the December 14, 2023 Rule 16 scheduling conference, Plaintiffs seek to add Ms. Vandebunte and Mr. Lepsetz as additional plaintiffs and putative class representatives to the case in order to protect the interests of the tens of thousands of putative Class members in this litigation. Defendant, for its part, has provided Plaintiffs' counsel with no evidence of bad faith by Plaintiffs or their counsel as a basis for refusing consent to this Motion – and that is because there is none. Under the circumstances, Plaintiffs have plainly acted in good faith in seeking the proposed amendment. *Lin*, 2020 WL 2043527, at \*2 (denying argument that "Lin's attempt to amend is done in bad faith because Lin fails to provide proof of standing to support his PPPA claim" because "(1) this Court already determined that Lin has standing to bring suit, and (2) Lin seeks to add class representatives a mere 20 days after Crain filed its Answer"); *Klein by Klein*, 581 F. Supp. 3d at 919 ("There is no reason to deny Plaintiff leave to amend. First, Plaintiff did not delay in filing—discovery has not begun, and there is no scheduling order in place. Second, Plaintiff provided notice to Defendant— Plaintiff both attached and shared an intent to file the Third Amended Complaint in

deficiencies by amendments previously allowed[.]" *See Foman*, 371 U.S. at 182.[3]

Upon reviewing Belvoir's statements concerning the existing Plaintiffs' subscribership, in both its correspondence to counsel and in its Answer to the FAC filed less than two months ago (ECF No. 38), Plaintiffs' counsel promptly began communicating with and investigating the potential claims of other Michigan-based subscribers to Belvoir's publications. And immediately after being retained by Ms. Vandebunte and Mr. Lepsetz, Plaintiffs' counsel commenced a thorough meet-and-confer process with Belvoir, including by providing Belvoir's counsel detailed information concerning Plaintiffs' subscriptions (at Belvoir's counsel's request), in an effort to obtain Belvoir's consent to the filing of the Proposed SAC. And promptly after being advised that Belvoir would not consent to the amendment, notwithstanding the information provided to its counsel concerning the two proposed plaintiffs' subscriptions, Plaintiffs' counsel prepared and filed the instant Motion – before the Rule 16 scheduling conference had even occurred.

This does not constitute undue delay, especially since the instant Motion is not brought to "harass" Belvoir and where the proposed amendment would cause no prejudice to Belvoir, as previously discussed. *See Morse v. McWhorter*, 290 F.3d

---

his timely response to Defendant's Motion to Dismiss. Third, Plaintiff did not file in bad faith—the record indicates that he waited to file until Defendant replied to his response.").

[3]      In any event, "delay alone, does not justify denial of leave to amend." *Morse*, 290 F.3d at 800.

795, 800 (6th Cir. 2002) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). *Ziegler v. Aukerman*, 512 F. 3d 777, 786 (6th Cir. 2008) (stating that "delay alone, regardless of its length is not enough to bar it if the other party is not prejudiced"). Courts of this district presiding over other PPPA actions have found, on analogous facts and at similarly early stages of litigation, no undue delay on the part of the plaintiffs in seeking leave to amend. *See Lin*, 2020 WL 2043527, at *1 (finding plaintiff's "amendment will not cause undue delay" where plaintiff moved to add additional class representatives shortly after the filing of defendant's answer, which challenged whether plaintiff was a subscriber, noting that "[t]his does not begin to approach undue delay"); *Kittle*, 2019 WL 6496596, at *1 (E.D. Mich. Dec. 3, 2019) (granting leave to amend where plaintiff "first became aware of his potential standing issues during a September 10, 2019 scheduling conference" and "did not engage in undue delay by taking approximately 30 days to identify additional potential class members and file a motion for leave to amend his pleading"); *c.f.*, *e.g.*, *Church Joint Venture, L.P. v. Blasingame*, 947 F. 3d 925, 934 (6th Cir. 2020) (finding that a five-year delay in seeking to amend and *add* a legal theory was prejudicial where "discovery and dispositive motions were complete and the remaining matters set for trial").

In fact, the decision by the district court in *Lin v. Crain Commc'ns, Inc.* is directly on point. There, the plaintiff brought suit under the PPPA, the defendant filed a motion to dismiss (in which the defendant disputed that the plaintiff had subscribed to its publication), the court denied the motion to dismiss, and the defendant filed its answer (in which it again disputed that the plaintiff had subscribed to its publication). *Lin*, 2020 WL 2043527, at *1 ("This Court denied an earlier motion filed by Crain challenging Lin's standing. Following that order, Crain answered Lin's Amended Complaint on January 30, 2020, again raising standing issues."). Following the defendant's answer, the plaintiff "properly sought leave in good faith to add two more plaintiffs who were subscribers during the class period" in order to moot the defendant's argument concerning the plaintiff's subscribership. *Id.*, at *1. The Honorable Victoria Roberts granted the plaintiff's motion, finding Rule 15 readily satisfied under the circumstances. *Id.*

In this case, just like in *Lin*, Belvoir filed a motion to dismiss (ECF No. 18 (the "MTD")) in which Belvoir disputed that the Plaintiffs had purchased subscriptions to Belvoir publications prior to July 31, 2016. *Id.*, at PageID.1191-1192. The Court denied Belvoir's motion to dismiss in a written opinion dated September 27, 2023. (ECF No. 37.) And on October 10, 2023, Defendant filed its Answer to the FAC, in which Defendant formally denied that Plaintiffs had subscribed to its publications prior to July 31, 2016. (ECF No. 38 at 10-17.) Plaintiffs

14

now seek leave to add two additional plaintiffs and proposed class representatives to protect the interests of putative Class members, just as the plaintiff did in *Lin* on materially identical facts. By any reasonable measure, Plaintiffs were diligent, not dilatory, and acted with expediency, not undue delay, in seeking the proposed amendment. Plaintiffs should be permitted to make this routine amendment to add Ms. Vandebunte and Mr. Lepsetz as additional named Plaintiffs and putative class representatives to serve alongside Plaintiff Allix.

Because each of the *Foman* factors is satisfied, Plaintiffs should be granted leave to file the Proposed SAC pursuant to Rule 15.

## **CONCLUSION**

For the foregoing reasons, the Motion should be granted.

Dated: December 11, 2023          Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com

pfraietta@bursor.com

Frank S. Hedin
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Attorneys for Plaintiffs and
the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I, E. Powell Miller, an attorney, hereby certify that on December 11, 2023, I served the above and foregoing Plaintiffs' Motion for and Brief in Support of Leave to Amend on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system.

<em>/s/ E. Powell Miller</em><br>E. Powell Miller